UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41054
Summary Calendar

_____

THEODORE FLANAGAN,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(9:96-CV-231)
_____

January 5, 1999

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Theodore Flanagan, Texas prisoner #734335, appeals the denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. The district court held that Flanagan's claims were procedurally barred.

Federal habeas review of a claim is procedurally barred if the last state court to consider the claim expressly and unambiguously based its denial of relief on a state procedural default. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court adopted the magistrate judge's conclusion that federal habeas review was precluded because the last reasoned opinion by the state court had denied Flanagan's claims based upon an adequate and independent state procedural bar. The district court focused on the state appellate court's decision dismissing Flanagan's direct appeal rather than on the Texas Court of Criminal Appeals' denial of Flanagan's application for state habeas relief. Flanagan's direct appeal was dismissed for want of jurisdiction because Flanagan had pleaded guilty, waived his right to appeal his conviction, and had not obtained the trial court's permission to appeal. *Flanagan v. State*, No. 12-95-00218-Cr (Tex. Ct. App. 1995). Although Flanagan's direct appeal was foreclosed by state law as a result of his guilty plea, Flanagan did not necessarily waive his right to pursue state post-conviction remedies. *See Haller v. State*, 933 S.W.2d 262, 263 (Tex. Ct. App. 1996); *Russell v. Scott*, No. 95-10039 (5th Cir. Oct. 26, 1995) (unpublished).

The Texas Court of Criminal Appeals denied Flanagan's habeas application without written order. "In [the Texas Court of Criminal Appeals'] writ jurisprudence, a 'denial' signifies that [the court] addressed and rejected the merits of a particular claim while a 'dismissal' means that [the court] declined to consider the claim for reasons unrelated to the claim's merits." *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc). In responding to Flanagan's state habeas application, the State did not raise any procedural grounds for denying relief; instead, it addressed the merits of Flanagan's claims. The state trial court

denied Flanagan's habeas application on the merits, finding that "there are no controverted, previously unresolved facts material to the legality of the applicant's confinement".

Under these circumstances, we conclude that the Texas Court of Criminal Appeals denied Flanagan's habeas application on the merits. Accordingly, the district court erred by dismissing Flanagan's federal habeas claims as procedurally barred. We therefore **VACATE** the judgment and **REMAND** the case for further proceedings. Of course, in so doing, we express no view as to the merits of Flanagan's claims.

*VACATED and REMANDED*